## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GERALD J. BIALAS,
          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-831M-20-0138-I-1

DATE: July 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gerald J. Bialas</u>, Burke, Virginia, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

    The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that he received an overpayment of retirement annuity benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

We affirm the administrative judge's finding that the Separation and Property Settlement Agreement (PSA) is a court order acceptable for processing.

On petition for review, the appellant challenges the administrative judge's finding that the PSA is a court order acceptable for processing within the meaning of 5 C.F.R. part 838.[2] Petition for Review (PFR) File, Tab 1 at 1-2, 10-11; Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 5-6.[3] Based on our review of the record, we find that the administrative judge properly interpreted the PSA as effectively placing the sole responsibility on OPM for paying the appellant's former spouse an apportionment of his annuity. ID at 6. As correctly discussed in the initial decision, the PSA specifically requires OPM to make direct payments of a portion of the appellant's annuity to his former spouse. ID at 2, 6; IAF, Tab 16 at 66-67. The PSA only requires the appellant to make interim

[2] The PSA was ratified by, and incorporated into, a Final Order of Divorce issued by the Circuit Court of Fairfax County, Virginia. Initial Appeal File, Tab 16 at 52-55, 57-87.

[3] With his petition for review, the appellant has included an annotated copy of the initial decision. PFR File, Tab 1 at 6-27.

payments to his former spouse in the event of OPM's delay in making direct payments. ID at 2, 6; IAF, Tab 16 at 68-69. The PSA further provides that, in the event the appellant's former spouse receives payments from both OPM and the appellant for the same month, she must reimburse him for such overpayment. ID at 2, 6; IAF, Tab 16 at 69. Thus, the administrative judge considered the appellant's obligation to make interim payments, but she properly found that it did not prohibit the PSA from being acceptable for processing. ID at 6; *see* 5 C.F.R. § 838.304(c). We discern no reason to disturb the administrative judge's finding that the PSA is a court order acceptable for processing based on the appellant's argument that the PSA assigned him payment responsibilities. PFR File, Tab 1 at 1-2; ID at 5-6; *see* 5 C.F.R. § 838.304. In addition, we do not agree with the appellant's argument that OPM improperly has sought to modify the terms of the PSA regarding his obligation to make interim payments. PFR File, Tab 1 at 1.

The appellant further asserts that he did not respond to OPM's briefing regarding this issue because he did not receive a copy of OPM's briefing. *Id.* at 2, 11; ID at 5-6. We find that this conclusory assertion, without more, is insufficient to rebut the presumption that he received OPM's pleading by mail. PFR File, Tab 1 at 2; ID at 5-6; IAF, Tab 17 at 11; *see Butler v. Department of Veterans Affairs*, 119 M.S.P.R. 112, ¶ 5 (2013) (observing that the Board has recognized a presumption that documents placed in the mail are received in 5 days). Moreover, the appellant has failed to explain how his substantive rights were prejudiced by his alleged inability to respond to OPM's briefing (specifically, by describing how he was prevented from providing argument or evidence that could have affected the outcome of the appeal). PFR File, Tab 1 at 2; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>We affirm the administrative judge's findings that OPM proved the existence and amount of the total overpayment of $18,919.34, and that the appellant has failed to prove his eligibility for waiver of the overpayment.</u>

As properly set forth in the initial decision, OPM bears the burden of proving by preponderant evidence[4] the existence and amount of an annuity overpayment. ID at 6; *see Vojas v Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 831.1407(a). An appellant bears the burden of proving by substantial evidence[5] his eligibility for waiver of the overpayment. ID at 11; *see Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. § 831.1407(b).[6]

*The erroneous refund of $11,242.93 in February 2018.*

Regarding the overpayment of benefits to the appellant in a February 2018 refund, the administrative judge found that he failed to rebut OPM's letters explaining why that refund of survivor costs was erroneous. ID at 7; IAF, Tab 16 at 13-14, 17. We discern no reason to disturb this finding based on the appellant's mere disagreement on review that the refund was erroneous. PFR File, Tab 1 at 2, 12; ID at 7. In particular, the PSA's language, providing that the

---

[4] Preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[5] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence. *Id.*

[6] The administrative judge cited cases, such as *Vojas*, 115 M.S.P.R. 502, ¶ 10, which involved overpayments under the Federal Employees' Retirement System (FERS). ID at 6, 11, 14. The Board may rely on case law developed under both CSRS and FERS in deciding overpayment appeals because the CSRS and FERS regulations regarding the recovery of overpayments are generally parallel. *See James v. Office of Personnel Management*, 72 M.S.P.R. 211, 216 n.3 (1996); *compare* 5 C.F.R. §§ 831.1401-831.1407, *with* 5 C.F.R. §§ 845.301-845.307. For similar reasons, we discern no prejudice to the appellant's substantive rights based on the administrative judge's citation of FERS, rather than CSRS, statutory and regulatory provisions regarding the recovery of overpayments. ID at 6, 11-13; *see Panter*, 22 M.S.P.R. at 282; *compare* 5 U.S.C. § 8346(b), *with* 5 U.S.C. § 8470(b).

appellant and his former spouse are to share the costs associated with a former spouse survivor annuity, is consistent with OPM's explanation that he is responsible for a portion of survivor costs. ID at 7; IAF, Tab 16 at 13-14, 17, 67.

The appellant further disagrees with the administrative judge's finding that he was overpaid $11,242.93 because that was the gross amount of the refund from which OPM withheld taxes. PFR File, Tab 1 at 2, 12; ID at 7. OPM is required by law to withhold Federal income taxes from the benefit it pays and to remit that amount to the Internal Revenue Service (IRS). *Cebzanov v. Office of Personnel Management*, 96 M.S.P.R. 562, ¶ 11 (2004). Here, to the extent that the adjustments in the appellant's benefits and any resulting overpayment affect his tax liability for past years, he must seek a remedy from the IRS. *See id.* Thus, we find that OPM did not err by basing its overpayment calculations on the gross amount of benefits paid to the appellant. ID at 7; IAF, Tab 16 at 5, 17, 30. For the foregoing reasons, we affirm the administrative judge's finding that OPM proved the existence and amount of an $11,242.93 overpayment due to the erroneous refund in February 2018. ID at 7.

> *The $7,676.41 overpayment of monthly CSRS annuity benefits from June 2015 through August 2016.*

The appellant challenges the administrative judge's finding that OPM proved the existence and amount of the overpayment of his monthly CSRS annuity benefits that accrued during the 15-month period (from June 2015 through August 2016). PFR File, Tab 1 at 2, 14, 16; ID at 7-11. After reviewing the record, we discern no reason to disturb the administrative judge's finding.

Regarding the effective date of OPM's obligation to make direct payments of a portion of the appellant's monthly CSRS annuity benefits to his former spouse, the PSA simply states that OPM shall commence directly paying her "as soon as administratively feasible after approval of this Agreement by OPM." IAF, Tab 16 at 67. Thus, we acknowledge that the PSA does not identify a specific date on which OPM was required to begin making direct payments to the

former spouse. PFR File, Tab 1 at 2, 14. Nevertheless, we find that the administrative judge properly interpreted the terms of the PSA in accordance with the regulations set forth at 5 C.F.R. part 838, which are referenced in the PSA itself. ID at 9; IAF, Tab 16 at 66. Under 5 C.F.R. § 838.231(a), "A court order acceptable for processing is effective against employee annuity accruing beginning the first day of the second month after OPM receives the court order." ID at 7.

In the appellant's prior Board appeal concerning the overpayment at issue, he submitted documentation indicating that OPM was mailed copies of the Final Order of Divorce and the PSA on April 21, 2015. *Bialas v. Office of Personnel Management*, MSPB Docket No. DC-831M-19-0146-I-1, Initial Appeal File, Tab 3 at 13-15. Thus, it is presumed that OPM received the Final Order of Divorce and the PSA in April 2015, and the parties have not argued otherwise in this appeal. IAF, Tab 1 at 2, Tab 17 at 5, 8; *see Butler*, 119 M.S.P.R. 112, ¶ 5. Therefore, we agree with the administrative judge's finding that, pursuant to 5 C.F.R. § 838.231(a), the effective date of OPM's obligation to make direct payments to the former spouse was June 1, 2015.[7] ID at 2, 7-8; *cf. Fiacco v. Office of Personnel Management*, 105 M.S.P.R. 193, ¶¶ 13-14 (2007) (finding that, under 5 C.F.R. § 838.225(a), OPM properly gave effect to an amended court order beginning on September 1, 2005, when OPM received the amended court order on July 29, 2005); 5 C.F.R. § 838.225(a) (providing that an amended court order is effective against employee annuity accruing beginning the first day of the second month after OPM receives the amended court order). Further, because OPM did not begin making direct payments to the former spouse (and reducing the appellant's annuity to provide such benefits to her) until September 2016, we

---

[7] Although the administrative judge erroneously found that OPM received the Final Order of Divorce and the PSA in March 2015, we discern no prejudice to the appellant's substantive rights because we agree with her ultimate finding that OPM's obligation to make direct payments to the former spouse began on June 1, 2015. ID at 8; *see Panter*, 22 M.S.P.R. at 282.

agree with the administrative judge's finding that the appellant was overpaid CSRS annuity benefits from June 2015 through August 2016. ID at 8.

In his petition for review, the appellant reasserts his argument that OPM does not have an obligation to retroactively make direct payments to his former spouse for the 15-month overpayment period because the PSA required him to make interim payments to her during the same time period. PFR File, Tab 1 at 2, 14; ID at 8-9. For the reasons provided in the initial decision, we agree with the administrative judge's finding that the appellant's obligation to make direct payments to his former spouse for the interim time period (from May 2015 until the date OPM implemented direct payments to her) does not alter OPM's obligation to pay her a portion of his annuity benefits accruing from June 1, 2015. ID at 8-9; IAF, Tab 16 at 66-69; *see* 5 C.F.R. § 838.222(d). We find that the appellant has failed to provide a basis to disturb the administrative judge's well-reasoned finding. PFR File, Tab 1 at 2, 14.

Regarding the amount of the overpayment of CSRS annuity benefits from June 2015 through August 2016, OPM clearly explained how it calculated the apportionment of the appellant's annuity in accordance with the PSA. ID at 8; IAF, Tab 16 at 4-5, 66-67. OPM ultimately calculated that the former spouse was due a total of $40,992.30 for the 15-month overpayment period and determined that the appellant was overpaid this amount during the same time period. ID at 8; IAF, Tab 16 at 5. OPM credited the appellant's interim payments to his former spouse during the 15-month overpayment period and reduced the $40,992.30 overpayment by $30,875.40, leaving $10,116.90 of the overpayment remaining.[8] ID at 9-10; IAF, Tab 16 at 5. During the pendency of this appeal, OPM further

---

[8] The appellant challenges the administrative judge's finding that a reasonable interpretation of the PSA would assume that the appellant would remit a reimbursement of his interim payments to OPM to satisfy an overpayment. PFR File, Tab 1 at 2, 14; ID at 9. However, the administrative judge's interpretation is immaterial to the outcome of this appeal because OPM simply credited the appellant's interim payments, which he made to his former spouse during the 15-month overpayment period, towards the overpayment amount without requiring him to seek a reimbursement from her. ID at 9-10.

reduced the $10,116.90 overpayment by $2,440.49, resulting in an overpayment amount of $7,676.41.[9]  ID at 11; IAF, Tab 17 at 7-8.

Although the appellant does not expressly dispute the amount of the $7,676.41 overpayment, he disagrees with the administrative judge's finding that OPM proved by preponderant evidence that he was overpaid $18,919.34 in total (including the erroneous $11,242.93 refund in February 2018).  PFR File, Tab 1 at 2, 16; ID at 11.  Specifically, the appellant asserts that OPM did not provide him with evidence of the overpayment.  PFR File, Tab 1 at 2.  He further argues that the $18,919.34 total amount erroneously includes approximately $4,500 in taxes withheld by OPM.  *Id.*  As we found above, the appellant has failed to rebut the presumption that he received OPM's pleadings by mail.  IAF, Tab 16 at 100, Tab 17 at 11; *see Butler*, 119 M.S.P.R. 112, ¶ 5.  Moreover, the PSA defines the appellant's "self-only monthly annuity" under CSRS (a portion of which his former spouse is entitled) as "the monthly annuity before reduction for any purpose."  IAF, Tab 16 at 66.  The PSA further provides, "Each party shall each be required to pay Federal and State income taxes on that portion of the retirement benefits which each receives."  *Id.* at 68.  Thus, the PSA contemplates that the apportionment of the appellant's annuity benefits is based on the gross amount of benefits before any withholdings for taxes.  Therefore, we discern no error in OPM's calculation of the $7,676.41 overpayment.

In summary, we affirm the administrative judge's finding that OPM proved by preponderant evidence the existence and amount of a total overpayment of $18,919.34.  ID at 11.  Next, we will address the appellant's eligibility for waiver of the overpayment.

---

[9] OPM correctly has noted that the administrative judge made a typographical error in stating that the remaining amount of the overpayment is $8,276.41.  PFR File, Tab 4 at 4-5; ID at 11-12.

*The appellant's eligibility for waiver of the $18,919.34 total overpayment.*

The administrative judge found that, even if the appellant were without fault regarding the entire $18,919.34 overpayment, he would not be eligible for waiver because he has failed to meet his burden of proving by substantial evidence that recovery of the overpayment would be against equity and good conscience. ID at 11-15; *see* 5 U.S.C. § 8346(b); *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. §§ 831.1401, 831.1407(b). Specifically, the administrative judge found that the appellant failed to prove by substantial evidence that recovery of the overpayment would be against equity and good conscience because it would cause him financial hardship or because it would be unconscionable under the circumstances.[10] ID at 12-15; *see Vojas*, 115 M.S.P.R. 502, ¶ 22; 5 C.F.R. §§ 831.1403(a), 831.1407(b). The appellant challenges these findings on review.[11] PFR File, Tab 1 at 3, 18-19.

For the reasons provided in the initial decision, we agree with the administrative judge's finding that the appellant failed to provide substantial evidence to prove his allegation of financial hardship. ID at 13-14; *see* 5 C.F.R. § 831.1404 (providing that financial hardship may exist when the annuitant needs substantially all of his current income and liquid assets to meet current ordinary and necessary living expenses and liabilities). For the first time on review, the appellant has submitted evidence of a disbursement of an unidentified amount

[10] The administrative judge noted that the appellant did not allege that recovery would be against equity and good conscience because the overpayment caused detrimental reliance. ID at 12-13; 5 C.F.R. § 831.1403(a)(2). The appellant has not argued otherwise on review. PFR File, Tab 1 at 1-3, 18.

[11] In addition, the appellant challenges the administrative judge's finding that he partially was at fault for the overpayment of his annuity benefits from June 2015 through August 2016. PFR File, Tab 1 at 2-3, 17; ID at 12. However, as discussed below, we affirm the administrative judge's alternative finding that, even if the appellant were without fault, he would not be eligible for waiver because he has failed to prove that recovery of the overpayment would be against equity and good conscience. ID at 11-15; *see* 5 U.S.C. § 8346(b); 5 C.F.R. § 831.1401. Thus, the appellant's arguments on review regarding fault are immaterial to the outcome of the appeal. PFR File, Tab 1 at 2-3, 17.

from his Thrift Savings Plan (TSP) to support his claim that he has been making withdrawals from his TSP to fund his everyday expenses. PFR File, Tab 1 at 3, 5, 18; ID at 13. He has failed to explain why, despite his due diligence, he was unable to provide such evidence prior to when the record before the administrative judge closed. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). In any event, we find such evidence is immaterial to the outcome of this appeal because it does not provide any specific information about the appellant's financial situation (such as his current income, assets, expenses, and liabilities). *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *see also* 5 C.F.R. § 831.1404.

Further, we discern no reason to disturb the administrative judge's finding regarding the alleged unconscionability of recovery based on the appellant's reassertion on review of the following circumstances: (1) there has been an exceptionally lengthy delay of 4 years by OPM in adjusting his annuity; (2) OPM failed to respond within a reasonable length of time to his inquiries regarding the overpayment; (3) OPM has been negligent in handling his case, as demonstrated by the number of apportionment adjustments and errors made by OPM; (4) OPM took 4 years to provide a response to the overpayment issues raised in this case; and (5) OPM did not begin to respond to his phone calls, emails, or letters concerning the apportionment of his annuity until he requested assistance from a member of Congress. PFR File, Tab 1 at 3; IAF, Tab 1 at 4-5, Tab 6 at 4-5, Tab 8 at 2; ID at 14-15.

We find that the administrative judge properly considered the totality of these circumstances in determining whether recovery of the overpayment would

be unconscionable.  ID at 14-15; *see Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 550 (1989).  Although the administrative judge did not expressly discuss the appellant's claim that OPM did not respond to his inquiries until he sought assistance from a Congressman, we find that the administrative judge correctly considered the relevance of the length of time it took for OPM to respond to his disputes of OPM's calculations.[12]  ID at 15; IAF, Tab 16 at 4-20; *see Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984) (finding that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

Based on the above, we affirm the administrative judge's finding that the appellant has failed to prove by substantial evidence his eligibility for waiver of the total overpayment of $18,919.34 by establishing that recovery of the overpayment would be against equity and good conscience.  ID at 11-15.

Accordingly, we affirm the initial decision.[13]

---

[12] For the first time on review, the appellant has submitted a letter dated June 27, 2017, supporting his claim that he sought assistance from a Congressman regarding OPM's calculation of his annuity.  PFR File, Tab 1 at 3-4.  The appellant has failed to explain why, despite his due diligence, he was unable to provide this letter prior to when the record before the administrative judge closed.  *See Avansino*, 3 M.S.P.R. at 214.  Nevertheless, we find that the letter is immaterial to the outcome of this appeal because the administrative judge correctly considered the relevance of the length of time it took for OPM to respond to the appellant's inquiries.  ID at 15; *see Russo*, 3 M.S.P.R. at 349.

[13] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from his or her estate or other responsible party.  A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child, or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the appellant's estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate.  *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

## NOTICE OF APPEAL RIGHTS[14]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[14] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[15]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[15] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.